IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAMELA JEAN GYGI,<br>       Defendant. | Case No. 6:15-cr-00305-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Petitioner Pamela Jean Gygi brings this habeas corpus action under 28 U.S.C. § 2255 *pro se*. The "Standing Due Notice" (doc. 59), which this Court has construed as a § 2255 petition, is DENIED for the following reasons.

## BACKGROUND

In January 2017, petitioner pleaded guilty to one count of use of interstate commerce facilities in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958 and one count of possession of a firearm in furtherance of that murder-for-hire scheme in violation of 18 U.S.C. § 924(c). On May 3, 2017, this Court sentenced petitioner to 120 months imprisonment. A judgment of conviction was entered May 4, 2017. Petitioner did not file a direct appeal of her criminal convictions.

On March 24, 2019, more than a year after the judgment was entered, petitioner filed a *pro se* motion titled "Standing Due Notice" that appears to be a 28 U.S.C. § 2255 petition for writ of habeas corpus. Petitioner challenges her conviction on the grounds that this Court lacked jurisdiction over her.

## DISCUSSION

Under 28 U.S.C. § 2255, a defendant may move to have her sentence vacated or corrected if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). But that motion must be filed within one year from the date on which a petitioner's conviction becomes final, unless an exception applies. 28 U.S.C. § 2255(f). Here, no exceptions apply. Petitioner's claims are not delayed due to a government impediment, they are not based on a right newly recognized by the Supreme Court, and they are not newly discovered. 28 U.S.C. § 2255(f)(2)-(4).

A defendant's judgment of conviction becomes final when the time for filing a notice of appeal expires, 14 days after the judgment is entered. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Here, the judgment was entered May 4, 2017. Since petitioner did not file a notice of appeal, the judgment became final on May 18, 2017. The one-year statute of limitations expired on May 18, 2018. Petitioner's March 24, 2019 filing was thus untimely, and her claim is time-barred.

Further, in her plea agreement, petitioner waived appeal of "any aspect of her conviction and sentence including all post-conviction and habeas corpus motions," except for ineffective assistance of counsel. Plea Agreement (doc. 32) ¶ 8. Here

petitioner alleges lack of jurisdiction, not ineffective assistance of counsel. She thus waived her right to raise this claim.

Finally, even if petitioner's claim were not time-barred or waived, it is without merit. Petitioner's claim appears to be based on sovereign citizen beliefs. *See United States v. Mitchell*, 405 F. Supp. 2d 602, 60405 (D. Md. 2005) (describing the sovereign citizen belief system); *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) (holding that even though defendant's sovereign citizen beliefs were nonsensical, they did not indicate incompetence, citing *Mitchell*).

Petitioner argues that the district court lacks jurisdiction because she committed the crime in Oregon, not "within Federal Territory." Petition at 3. But this Court exercised jurisdiction under 18 U.S.C. § 1958, which has been held a valid exercise of the Commerce Clause. *See United States v. Runyon*, 707 F.3d 475, 488-89 (4th Cir. 2013) (holding that 18 U.S.C. § 1958(a) is constitutional); *United States v. Temkin*, 797 F.3d 682, 691 (9th Cir. 2015) (holding that telephone calls qualify as use of a facility of interstate commerce). Thus, regardless of petitioner's sovereign citizen beliefs, the Court has jurisdiction over her.

A final order in a § 2255 proceeding may not be appealed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court explained that a certificate of appealability under § 2253(c) is warranted when a habeas prisoner makes "a demonstration that . . .

includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 483-84 (internal quotation marks and citation omitted).

In this case, the Court concludes that petitioner has failed to make the required showing and so declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 petition (doc. 59) is DENIED. No evidentiary hearing is necessary because the allegations in petitioner's motion, when viewed against the record, do not give rise to a claim for relief. The Court declines to issue a certificate of appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 9th day of July 2019.

Ann Aiken
United States District Judge