IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,

        vs.

PAMELA JEAN GYGI,

        Defendant.

Case No. 6:15-cr-00305-AA
**OPINION AND ORDER**

_____

AIKEN, District Judge:

Now before the Court is defendant Pamela Jean Gygi Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 70. The Court held oral argument on the motion as well as defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 on November 19, 2020. The Court denied defendant's motion to reduce sentence at that hearing. That Court also denied defendant's motion for reconsideration (Doc. 80) of that order on December 22, 2020. Doc. 92. This opinion is entered to complete the record.

/ / /

/ / /

PAGE 1 – ORDER AND OPINION

## LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only on a motion by the Bureau of Prisons ("BOP"). The First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended § 3582 to authorize courts to grant compassionate release motions filed by defendants where they had petitioned BOP to bring a motion on the defendants' behalf and either they had exhausted all administrative appeals after a denial or thirty days had elapsed since the Warden received their request.

Section 3582(c)(1)(A) authorizes a court to modify a defendant's sentence if it finds that two conditions have been satisfied: (1) that "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  In making this determination, the Court must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" Id. (emphasis added).

The relevant policy statement for sentence reductions under the compassionate release statute is found in the United States Sentencing Guidelines, § 1B1.13. According to the policy statement "extraordinary and compelling reasons" for release are: (1) the "Medical Condition of the Defendant" – the defendant is suffering from a terminal illness, serious physical or medical condition, serious functional or

PAGE 2 – ORDER AND OPINION

cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[;]" (2) the "Age of the Defendant" – the defendant is at least 65 years old, is experiencing serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) "Family Circumstances" – the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; and (4) any other extraordinary and compelling reasons determined by the Director of BOP. U.S.S.G. § 1B1.13 cmt. 1.

Although the fourth category of "extraordinary and compelling reasons" encompasses other circumstances as determined by the BOP director, § 1B1.13 cmt. 1(D), the Court follows the majority of federal district courts that "have found that the most natural reading of the amended § 3582(c) and 28 U.S.C. § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020); *see also United States v. Joling*, No. 6:15-cr-00113-AA, 2020 WL 1903280, at *3 (D. Or. Apr. 17, 2020).

Nevertheless, the policy statement remains instructive. *See United States v. Hanson*, No. 6:13-cr-00387-AA-1, 2020 WL 3605845, at *3 (D. Or. July 2, 2020); *United States v. Haft*, No. 3:12-cr-42-SI, 2020 WL 3412195, at *2 (D. Or. June 22, 2020).

## DISCUSSION

Defendant pleaded guilty to the use of interstate commerce facilities in the commission of murder-for-hire (18 U.S.C. § 1958(a)) and possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)) pursuant to a negotiated settlement with the government.   Doc. 31.   On May 3, 2017, the Court sentenced defendant to 60 months in custody on both counts to run consecutively.

Defendant later filed a motion to vacate her conviction for possession of a firearm in furtherance of a crime of violence.  Doc. 80.  The government agreed that the Court should vacate defendant's conviction.   Doc. 86.   Pursuant to that stipulation, the Court granted the motion and resentenced defendant to eighty-seven months in custody with a three-year term of supervised release on the remaining count of interstate commerce facilities in the commission of murder-for-hire.  Doc. 89.

Following the Court's denial of defendant's motion to reduce sentence on November 19, 2020, defendant filed motion for reconsideration on December 16, 2020. The motion for reconsideration was based on the increase in COVID-19 cases at FCI Dublin.  The Court address arguments in both motions here.

Initially, the Court notes that defendant filed a request for release with the Warden and has received no response in over thirty days.  *See Brown v. United States*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) ("Exhaustion occurs when the BOP denies

PAGE 4 – ORDER AND OPINION

a defendant's application or lets thirty days pass without responding to it") (internal

citations omitted).   Accordingly, these motions are properly before the Court.

I.      *Extraordinary and Compelling Reasons*

Section 1B1.13 of the U.S. Sentencing Guidelines identifies four categories of

extraordinary and compelling reasons.   See U.S.S.G. § 1B1.13 cmt. n. 1(A)-(D).   As

relevant here, § 1B1.13 provides that extraordinary and compelling reasons exist,

inter alia, when "the defendant is suffering from a serious physical or medical

condition, that substantially diminishes the ability of the defendant to provide

selfcare within the environment of a correctional facility and from which he or she is

not expected to recover" and in circumstances "other than, or in combination with"

the other three categories.   U.S.S.G. § 1B1.13 cmt. n.1(A)(ii), 1(D).

Defendant is 62 years and suffers from various underlying conditions including

obesity, high blood pressure, hyperthyroidism, hypoglycemia, mononeuropathy of her

fee, gastro-esophageal reflux disease with esophagitis, irritable bowel syndrome,

fibromyalgia, and polyosteoarthritis.   Defendant age, weight, and high blood pressure

put her at an elevated risk of developing severe complications from the 2019 novel

coronavirus ("COVID-19").   Defendant is currently held FCI Dublin, where COVID-

19 cases spiked towards the end of 2020.   Currently, the BOP reports one positive

inmate at FCI Dublin. https://www.bop.gov/coronavirus/ (last visited January 14,

2021 at 10:30 AM).

Compassionate release is "rare" and "extraordinary," and courts routinely deny

such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar.

PAGE 5 – ORDER AND OPINION

16, 2020) ("[A] compassionate release ... is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). e

During the COVID-19 pandemic, many courts have recognized that, when a defendant has a chronic medical condition that may substantially increase the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may satisfy the standard of extraordinary and compelling reasons. *See Hanson*, 2020 WL ##, at *7–9; *United States v. Barber*, No. 6:18-cr-00446-AA-1, 2020 WL 2404679, at *4–5 (D. Or. May 12, 2020); *Joling*, 2020 WL 1903280, at *4–5.

The Court first notes that it appears that FCI Dublin has contained its COVID-19 outbreak. And the level of current cases alone does not warrant reconsider of the Court's previous order. However, some of defendant's underlying conditions unquestionably put her at higher risk for developing complications from COVID-19. Accordingly, the Court finds that Section 1B1.13 cmt. n. 1(A) and (D) apply here, and that defendant has shown extraordinary and compelling reasons justifying release.

II.    *§ 3553(a) Factors*

Next, the Court reviews the § 3553(a) sentencing factors. In imposing a sentence which is "sufficient, but not greater than necessary," a court considers,

PAGE 6 – ORDER AND OPINION

among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a). The Court is persuaded that the applicable § 3553(a) factors do not support defendant's request for compassionate release.

Given her recent resentencing, defendant's likely release date will fall sometime near September 14, 2021. While defendant has a short time remaining on her sentence, the Court still finds that underlying criminal activity in this case was serious. Defendant hired someone to kill her husband and providing him with a firearm to commit the act. Her advisory guideline range at resentencing was 87-108 months, and the Court imposed the low end of that range. The Court finds that granting the motion and reducing defendant's sentence would serve to the goals of sentencing.

III.    *Dangerousness*

Finally, the Court considers whether defendant presents a danger to the community. U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider the following factors in determining whether conditions of release will reasonably assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The Court finds that defendant would present a danger to the community if released. As noted previously, the criminal activity in this matter was incredibly dangerous. The only reason, defendant's scheme was not carried out to its conclusion was because the person with whom she contracted the killing cooperated with police. However, defendant is now 62 years old and in poor health. The Court does not find that she would pose a danger to any person in community upon release.

Ultimately, the Court is denying the motion, because it finds that the factors outlined under 18 U.S.C. § 3553 do not support early release. Moreover, while defendant does suffer from several health concerns, those appear to be adequately managed currently. Finally, the Court believes that defendant should serve the rest of her sentence through the BOP, which will manage her transition out of custody with a halfway house placement or home confinement, if appropriate

## CONCLUSION

For reasons set forth herein, defendant's motion for compassionate release (doc. 70) and motion for reconsideration (doc. 80) are DENIED.

IT IS SO ORDERED

DATED THIS _15th_ day of January 2021

_____/s/Ann Aiken_____
Ann Aiken
U.S. District Court Judge

PAGE 8 – ORDER AND OPINION