IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 6:15-cr-00305-AN |
| v. | |
| PAMELA JEAN GYGI, | OPINION AND ORDER |
| Defendant. | |

Defendant Pamela Jean Gygi brings this Motion for Early Termination of Supervised Release, ECF [96]. The Court heard oral argument on August 21, 2024. For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

A court has discretion to terminate a term of supervised release any time after "the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). In determining whether termination is warranted, this Court must consider the following relevant factors:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
"(2) The need for the sentence imposed –
. . .
"(B) to afford adequate deterrence to criminal conduct;
"(C) to protect the public from further crimes of the defendant; and
"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . . .
"(4) the kinds of sentence and the sentencing range established for –
"(A) the applicable category of offense committed by the applicable category of defendant . . .
"(5) any pertinent policy statement –
"(A) issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) . . . that is in effect on the date the defendant was sentenced; and
"(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

"(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
"(7) the need to provide restitution to any victims of the offense."[1]

18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7).

The defendant bears the burden of demonstrating that early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). When denying or granting a defendant's request for early termination of supervised release, a court must provide an explanation that is "sufficiently detailed to permit meaningful appellate review" and "state[s] the court's reasons for rejecting nonfrivolous arguments." *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014).

## BACKGROUND

In July 2015, defendant was arrested at a mall parking lot for the crime of commission of a murder-for-hire. Gov't Resp. to Def. Mot. for Early Termination of Supervised Release ("Gov't Resp"), ECF [102], at 1. She claimed that she was there to drop off a gun to a man who wanted to buy it. *Id.* Defendant had negotiated with a man, over a number of conversations spanning multiple months, to murder her ex-husband. *Id.* at 2. As part of their December 2014 divorce decree, defendant's ex-husband was ordered to take out a $100,000 life insurance policy and name defendant the sole beneficiary. *Id.* Recorded conversations between the man and defendant prior to her arrest revealed discussions of various methods to kill her ex-husband, including tampering with his vehicle to make his death look like an automobile accident. *Id.* Because defendant had concerns that her son might be in the car, defendant offered to get the man an untraceable gun to use for the murder. *Id.*

On May 3, 2017, defendant was sentenced to two consecutive sixty-month terms of imprisonment for Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, 18 U.S.C. § 1958, and Possession of Firearm in Furtherance of a Violent Crime, Forfeiture Allegation, 18 U.S.C. § 924(c). *Id.* On November 19, 2020, defendant's sentence was vacated pursuant to a motion filed under 28 U.S.C. § 2255, and the count for Possession of Firearm in Furtherance of a Violent Crime, Forfeiture

---

[1] The government concedes that restitution is not at issue in this case.

2

Allegation, was dismissed. *Id.* Defendant was resentenced to eighty-seven months of imprisonment, followed by a three year-term of supervised release. J. & Commitment, ECF [89], at 2-3.

Defendant's term of supervised release began on September 13, 2021, and is set to expire on September 12, 2024.

## DISCUSSION

Defendant seeks early termination of her supervised release term based on her compliance with the conditions of her supervision and her desire to relocate to a different state. Def. Mot. for Early Termination of Supervised Release ("Def. Mot."), ECF [96], at 3. The government opposes defendant's motion because of the seriousness of the underlying offense and defendant's failure to provide sufficient reasons to support early termination. Gov't Resp. 5. The Probation Office similarly opposes early termination because, per policy, the Probation Office cannot recommend termination due to the nature of the offense. Report on Person Under Supervision, ECF [101], at 2. The government and the Probation Office both concede that defendant has remained in full compliance with the conditions of her supervision. *See* Gov't Resp. 4; Report on Person Under Supervision 5.

The Court finds that early termination of supervised release is not warranted here. The nature and circumstances of defendant's underlying crime are undoubtably serious: she was convicted of use of interstate commerce facilities in the commission of murder-for-hire of her ex-husband. While the Court acknowledges defendant's lauded post-release progress, defendant has failed to show early termination is warranted by the interest of justice. At oral argument, the Probation Office informed the Court that defendant may relocate to a different state while on supervision. In turn, defendant's proffered reason, that she wishes to relocate and "move on with her life," is not burdened by finishing out her supervised release term, which ends in three weeks. Moreover, the Court finds the supervised release term imposed appropriate to deter defendant from committing future crimes, considering defendant committed the underlying offense while functioning as a productive member of society.

Because defendant has provided nothing more than compliance with the conditions of her supervised release term, and the circumstances of defendant's underlying offense are particularly serious,

the Court finds that the relevant § 3553(a) factors weigh against early termination. *See United States v. Rivers*, No. 2:11-cr-00005-JCM-LRL-1, 2024 WL 1367164, at *1 (9th Cir. Apr. 1, 2024) (affirming district court's decision to deny early termination motion where defendant provided nothing more than compliance with the conditions of his supervised release to support his motion).

## CONCLUSION

Accordingly, defendant's Motion for Early Termination of Supervised Release, ECF [96], is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of August, 2024.

Adrienne Nelson
United States District Judge